IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MILAN STEJIC, | No. 09-819-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| AURORA LOAN SERVICES, LLC; SHELTER MORTGAGE CO., LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JOHN DOES 1-100, | |
| Defendants. | |

Pending before this Court is Plaintiff Milan Stejic's ("Stejic") Motion for Leave to Amend Original Complaint. (Dkt. # 39.) Defendant Aurora Loan Services, LLC ("Aurora") has responded, and Stejic has replied. (Dkt. ## 43, 44.) For the following reasons, the Court grants the Motion.

**BACKGROUND**

Stejic filed his Complaint on April 17, 2009, alleging various federal and state claims relating to unfair lending and debt collection practices. On May 14, 2009, Defendant Shelter Mortgage Co., LLC ("Shelter") filed a Motion to Dismiss, or in the Alternative, for a More Definite Statement. (Dkt. # 14.) On the same day, Aurora and Mortgage Electronic Registration Systems, Inc. ("MERS") also filed a joint Motion to Dismiss. (Dkt. # 16.) However, none of the Defendants filed an Answer to Stejic's Complaint.

Stejic now seeks to amend his Complaint to "add specificity and to allege new facts that have come to light," "to provide a more definite statement as sought, to delete three claims and to substitute two claims," "to correct[] the misnomers for Defendants Aurora and MERS," and to dismiss Quality Loan Services from the case. (Dkt. # 39.)

**DISCUSSION**

**I. Legal Standard**

Federal Rule of Civil Procedure 15(a)(1)–(2) provides:

(1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course:

   (A) before being served with a responsive pleading; or

   (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

(2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

For purposes of Rule 15(a)(1), a responsive pleading includes an answer, or a reply to an answer, but not a motion. *See* Fed. R. Civ. P. 7(a) (listing allowed pleadings as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and a reply to an answer).

Under the applicable version of Rule 15,[1] "[s]erving a responsive pleading terminate[s] the right to amend," but "[s]erving a motion attacking the pleading [does] not terminate the right to amend, because a motion is not a 'pleading' as defined in Rule 7." Fed. R. Civ. P. 15 Advisory Committee Notes to the 2009 Amendments. "[L]eave to amend should be granted as a matter of course, at least until the defendant files a responsive

---

[1] Amendments to Rule 15 are not effective until December 1, 2009. The amended Rule 15(a)(1) provides, "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (3), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)

- 2 -

pleading. *After that point*, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (emphasis added).

**II. Analysis**

Shelter contends the Court should deny amendment because Stejic requested amendment with a dilatory motive, anticipating a possible adverse ruling on Shelter's motion to dismiss, and because Stejic's amendments would be futile. (Dkt. # 43.) Because Rule 15(a) is so clear in allowing a party to amend as a matter of course before a responsive pleading is filed, however, and because Stejic's motion at least alludes to this argument, the Court will construe Stejic's motion as a notice of amendment as a matter of course.

Because none of the defendants has filed an answer, Stejic may amend his Complaint as a matter of course. *See* Fed. R. Civ. P. 15(a). The Court would analyze dilatory motives and futility only if Stejic could not do so. Shelter cites multiple cases, but none of these cases holds courts should deny amendment *as a matter of course* for reason of dilatory motive or futility; rather, the cases analyze dilatory motive and futility only as they relate to amendments not made as a matter of course. *See, e.g.*, *Foman v. Davis*, 371 U.S. 178 (1962); *Rusyniak v. Gensini*, 629 F. Supp.2d 203 (N.D.N.Y. 2009)*; PI, Inc. v. Quality Products, Inc.*, 907 F. Supp. 752 (S.D.N.Y. 1995); *Reisner v. Gen. Motors Corp.*, 511 F. Supp. 1167 (D.C.N.Y. 1981). Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave To Amend Original Complaint (Dkt. # 39) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to file the Lodged First Amended Complaint (Dkt. # 42).

**IT IS FURTHER ORDERED** terminating the Motions to Dismiss (Dkt. ## 14, 16, 38) as moot.

DATED this 11th day of September, 2009.

_____
G. Murray Snow
United States District Judge