**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MILAN STEJIC, | No. 09-CV-819-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| AURORA LOAN SERVICES, LLC; SHELTER MORTGAGE CO., LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JOHN DOES 1-100, | |
| Defendants. | |

Three motions to dismiss are pending before the Court, one filed by each Defendant (Dkt. ## 47, 49, 50.) Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") also joined in Defendant Aurora Loan Services, LLC's ("Aurora") Motion. (Dkt. ## 47, 50.) For the following reasons, the Court grants Shelter's and Aurora's Motions to Dismiss without prejudice and denies MERS's Motion as moot.[1]

---

[1] The parties' requests for oral argument are denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

**BACKGROUND**

In April 2007, Plaintiff contacted Shelter Mortgage Co., LLC ("Shelter") to refinance his home located at 2015 E. Barkwood Road in the Phoenix area. Plaintiff contends Shelter did not provide various preliminary disclosures when it agreed to refinance the loan, but Plaintiff signed the closing papers anyway on May 25, 2007. The loan was in the form of two promissory notes totaling $1,420,000.00, each secured by a separate deed of trust. Shelter was the lender and originator; Aurora was the servicer; and MERS was the beneficiary on the deed of trust. Despite these labels, Plaintiff contends the various Defendants performed other functions and exercised responsibilities inconsistent with these labels.

At the time and continuing thereafter, Plaintiff contends he did not receive various loan disclosures, including the required Good Faith Estimate, HUD-1 Settlement Statement, a proper Notice of Right to Cancel, or an indication that he was paying a higher interest rate so that Shelter could receive a higher yield spread premium (called a "lender credit" here).

On January 27, 2009, a Notice of Trustee's sale on the property was recorded. The notice lists "MERS c/o Aurora Loan Services" as the beneficiary and Quality Loan Service Corporation as the trustee agent.

This lawsuit ensued. Plaintiff first filed his complaint on April 17, 2009, and he filed his First Amended Complaint ("Complaint") on November 11, 2009. The Complaint alleges three federal law claims—Fair Debt Collection Practices Act ("FDCPA") against Aurora; Truth in Lending Act ("TILA") against Shelter and Aurora and any assignees; Real Estate Settlement Procedures Act ("RESPA") against Shelter and Aurora—and five state law claims—Wrongful Foreclosure and Notice of Sale against all Defendants; Declaratory Relief against Aurora and MERS; Injunctive Relief against Aurora and MERS; Arizona Consumer Fraud Act ("ACFA") against Shelter and Aurora; Conspiracy to Commit Fraud against MERS and Aurora.

**LEGAL STANDARD**

To survive a dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain factual allegations sufficient to "raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the Court must assume that all general allegations "embrace whatever specific facts might be necessary to support them," *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994), but the Court will not assume that the plaintiff can prove facts different from those alleged in the complaint, *see Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

At the same time, "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (citing Fed. R. Civ. P. 12(b)(6)). Dismissal is appropriate if the complaint is so "verbose, confused, and redundant that its true substance, if any, is well disguised." *Gillibeau v. City of*

*Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180.

"[T]he statute of limitations defense . . . may be raised by a motion to dismiss . . . [i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "Dismissal on statute of limitations grounds can be granted pursuant to [Rule 12(b)(6)] 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citing *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991) (quoting *Jablon*, 614 F.2d at 682)); *see Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

## DISCUSSION

### I. Plaintiff'S FDCPA Claim Against Aurora Fails

Plaintiff alleges Aurora improperly attempted to collect on a debt, but Plaintiff's FDCPA claim fails for two reasons. First, the applicable FDCPA provisions apply only to debt collectors. *See, e.g.*, 15 U.S.C. § 1692(d)–(g) (stating in each pertinent part that "a debt collector" shall take or refrain from certain actions); *see also Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp.2d 1178, 1182 (D. Ariz. 2009) ("[T]he FDCPA applies only to a debt collector who engages in practices prohibited by the Act in an attempt to collect a consumer debt."). A "debt collector" under FDCPA is "any person who uses any instrumentality of interstate commerce or the mails in any business the principle purposes of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Creditors and their fiduciaries are not 'debt collectors' subject to the FDCPA. *Mansour*, 618 F. Supp.2d at 1182 (citing 15 U.S.C. § 1692(a)(4), (6)(F)). Specifically, courts have held that servicers are not FDCPA debt collectors. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (finding the legislative history suggests that mortgage servicing

companies are not debt collectors); *Mansour*, 618 F. Supp.2d at 1182 (granting motion to dismiss in favor of servicer because it was not a debt collector) (citing S. Rep. No. 95-382, at 3–4 (1977), U.S. Code Cong. & Admin. News 1977, pp. 1695, 1698 ("[T]he committee does not intend the definition [of debt collector] to cover . . . mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing[.]")); *Deissner v. Mortgage Elec. Registration Sys.*, 618 F. Supp.2d 1184, 1188 (D. Ariz. 2009) (granting motion to dismiss because servicer was not a debt collector); *see also Nera v. Am. Home Mortgage Servicing, Inc.*, 2009 WL 2423109 at *4 (N.D. Cal. Aug. 5, 2009) (holding that mortgagors and servicing companies are not debt collectors and granting motion to dismiss because the "conclusory allegation" that "defendant is a 'debt collector'" is "not sufficient to support a [FDCPA claim]").

Here, the Complaint alleges that only "Aurora was acting as a debt collector in obtaining payments," (Dkt. # 46 at 41), but Plaintiff does not explain how this is the case or why this means Aurora is no longer exempt from the FDCPA. Plaintiff cites one unpublished opinion, which itself has not yet been cited by any other courts. *Feliciano v. Wash. Mut. Bank, FA*, 2009 WL 2390842 at *5 (E.D. Cal. Aug. 3, 2009).[2] *Feliciano* denied the motion to dismiss because an issue of fact existed as to whether defendant was not only the servicer, but also a "debt collector." However, Plaintiff's legal conclusion that Aurora, as a servicer, is a debt collector is insufficient to survive dismissal here. The key fact is that Plaintiff alleges that Aurora was a servicer. *Mansour* makes clear that Congress did not intend the FDCPA to govern servicers, and Plaintiff makes no compelling argument for expanding this statutory definition. 618 F. Supp.2d at 1182.

Second, the applicable sections of the FDCPA apply only to actions taken to collect a debt. *See e.g.*, 15 U.S.C. § 1692(d)–(g); *Mansour*, 618 F. Supp.2d at 1182. Multiple courts

---

[2] Other courts from the same district have subsequently held dismissal is appropriate against servicers. *See, e.g.*, *Camillo v. Wash. Mut. Bank, F.A.*, 2009 WL 3614793 at *10 (E.D. Cal. Oct. 27, 2009); *Angulo v. Countrywide Home Loans, Inc.*, 2009 WL 3427179 at *5 (E.D. Cal. Oct. 26, 2009).

in this Circuit have held that non-judicial foreclosure is not the collection of a "debt" under the FDCPA. *Mansour*, 618 F. Supp.2d at 1182 ("[N]on-judicial foreclosure is not the collection of a 'debt' . . . ."); *Hulse v. Ocwen Fed. Bank*, 195 F. Supp.2d 1188, 1204 (D. Or. 2002) (distinguishing foreclosure of interest in property from efforts to collect funds from debtor). Here, the nonjudicial foreclosure of the deed of trust is not the collection of a debt. Plaintiff's Response does not address this argument, and Plaintiff's RESPA claim therefore fails.

**II.     Plaintiff's TILA Claims Against Shelter and Aurora Fail.**

The statute of limitations for a TILA damage claim requires that a Plaintiff bring an action "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he limitations period . . . runs from the date of consummation of the transaction."*King v. Cal.*, 784 F.2d 910, 915 (9th Cir. 1986), *cert denied*, 484 U.S. 802 (1987). Plaintiff closed on his refinancing loan on May 25, 2007, but he did not file this lawsuit until April 17, 2009, nearly two years later. Thus, Plaintiff's TILA claims are barred absent an exclusion.

Plaintiff raises two arguments against the statute of limitations defense. Plaintiff first argues the alleged wrongdoing was "ongoing." The Court construes this as a continuing violation argument. The continuing violation doctrine, however, does not apply to TILA claims. *King*, 784 F.2d at 915.

Plaintiff also contends equitable tolling extends the limitations period because Defendants' misrepresentations prevented him from learning the facts necessary to commence a lawsuit.[3] Equitable tolling applies to TILA claims, *King*, 784 F.2d at 915, and "focuses primarily on the plaintiff's excusable ignorance of the limitations period." *Lehman v. United States*, 154 F. 3d 1010, 1016 (9th Cir. 1998) (emphasis removed). But the doctrine

---

[3] Plaintiff also repeatedly asserts he could not have known of the facts necessary to state a claim, but his reasons underlying his inability to know these facts seem to be linked to the allegation that Defendants concealed information (whether actively or passively). The Court thus analyzes these assertions along with equitable tolling.

- 6 -

applies "sparingly" and does not apply when the "late filing is due to [a] claimant's failure 'to exercise due diligence in preserving his legal rights.'" *Id.* (citing *Scholar v. Pac. Bell.*, 963 F.2d 264, 267–68 (9th Cir. 1992)) (emphasis removed).

Moreover, to allege equitable tolling based on fraudulent concealment, a plaintiff's complaint must meet the particularity pleading requirements of Federal Rule of Civil Procedure 9(b). *See Wasco Prods., Inc. v. Southwall Tech., Inc.*, 453 F.3d 989, 991–92 (9th Cir. 2006) (requiring a plaintiff to meet Rule 9(b) pleading standards where plaintiff's tolling argument sounds in fraud); *Guerrero v. Gates*, 357 F.3d 911, 920 (9th Cir. 2004) (affirming dismissal on statute of limitations grounds because plaintiff "failed to plead with particularity" any facts supporting tolling); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662–63 (9th Cir. 1999) (holding that "[f]raudulent concealment, *if affirmatively pleaded* and proved" may toll the limitations period) (emphasis added). Federal Rule Civil Procedure 9(b) requires that a plaintiff "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under this rule, a plaintiff "must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (internal quotations omitted). In addition to these requirements, a plaintiff must allege that he or she acted with due diligence to ascertain the truth. *Fed. Election Comm'n v. Williams*, 104 F.3d 237, 241 (9th Cir. 1996) (holding that under the doctrine of fraudulent concealment, a plaintiff must establish "due diligence by the plaintiff until discovery" of the concealment of operative facts); *Collins v. Nationalpoint Loan Servs.*, 2009 WL 3213979 at *3 (S.D. Cal. Sept. 29, 2009) (rejecting tolling argument and dismissing TILA claim because the plaintiff did not allege facts supporting due diligence).

In this case, the Complaint's TILA section alleges that Aurora and Shelter "fraudulently misrepresented and concealed the true facts related to the items subject to disclosure" and that Plaintiff "did not discover the failure to make such disclosures . . . until one (1) year within the filing of this Complaint." (Dkt. # 46 at 46.) Plaintiff's Response (Dkt. # 51) to Shelter's Motion complains that the loan agreement was difficult to understand, necessitating an expert's review to determine how the terms were misleading. Plaintiff's Response (Dkt. # 52) to Aurora's Motion cites eighteen paragraphs of the Complaint and asserts that "[v]irtually every page of the [Complaint] contains some allegation of fraud, deception, nondisclosure, or concealment." Plaintiff highlights allegations that the various Defendants had secret agreements and misrepresented their true roles in the loans, that Defendants did not adequately disclose the yield spread premium, and other general allegations of misrepresentations.

The ninety-four page Complaint (including exhibits), however, does not plead tolling with particularity. Plaintiff's assertion that Defendants "fraudulently misrepresented and concealed the true facts[,]" causing Plaintiff "not [to] discover the failure to make such disclosures . . . until one (1) year within the filing of this Complaint" is a legal conclusion. It contains no facts explaining what the misrepresentations were, who made them, for what reasons, and how they related to Plaintiff's ability to learn enough facts to file a lawsuit. Moreover, although parts of the Complaint allege various concealments or misrepresentations, this alone alleges only that Defendants took those *underlying actions*, but not that Defendants *also* prevented Plaintiff from discovering them. Most of the paragraphs Plaintiff cites are general allegations relevant to his underlying claims, but not connected in any discernible way to his ability to discover those underlying claims. As this District explained, factual detail is particularly important where, as here, many of the alleged TILA violations center around nondisclosures relating to a loan agreement. *Cervantes v. Countrywide Home Loans, Inc.*, 2009 WL 3157160 at *4 (D. Ariz. Sept. 24, 2009) (granting dismissal on statute of limitations grounds where the plaintiff did not allege facts supporting equitable estoppel); *see also Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996)

("[N]othing prevented [the plaintiff] from comparing the loan contract, [lender's] initial disclosures, and TILA's statutory and regulatory requirements.").

Even if Plaintiff had otherwise pled equitable tolling, the argument still fails because Plaintiff did not plead (or even address in his Responses) any facts showing his due diligence to discover the alleged wrongdoing. Without such facts, it is impossible for Plaintiff to defeat Defendants' statute of limitations defense.

### III. Plaintiff's RESPA Claims Against Shelter and Aurora Fail.

Plaintiff makes several RESPA claims: Section 2602, 2603, and 2604 claims for failure to give various disclosures and a Section 2607 claim for acceptance of kickbacks and referral fees. Plaintiff's Response to Aurora's Motion also contends Plaintiff pled a Section 2605 claim for failure to respond to Plaintiff's qualified written request and for failure to provide fifteen days' notice of assignment, sale, or transfer of the loan.

Plaintiff's Section 2602, 2603, and Section 2604 claims fail because RESPA does not provide a private right of action for disclosure violations. *See* 12 U.S.C. § 2614 (creating rights of action only for Sections 2605, 2607, and 2608). Plaintiff also does not contend an implied right of action exists, and, even so, other courts have found no such right exists. *See Collins v. FMHA-USDA*, 105 F.3d 1366, 1367–68 (11th Cir. 1997) (finding no implied right of action for disclosure violations under Section 2604); *Bloom v. Martin*, 865 F. Supp. 1377, 1385 (N.D. Cal. 1994) (same). Plaintiff appears to concede this, but asserts that violations of RESPA's disclosure provisions can trigger liability under TILA or ACFA. But to the extent Plaintiff pleads these RESPA claims independently, they fail.

Plaintiff's Section 2605 claim fails because Plaintiff did not outline it in the Complaint's RESPA section. Although other parts of the Complaint mention a qualified written request, which *could* be relevant to a Section 2605 claim, Plaintiff does not properly plead it as a cause of action. Plaintiff also admits he does not assert a claim under Section 2605 for failure to provide fifteen days' notice of assignment, sale, or transfer of the loan; RESPA mandates only that a borrower be informed of the transfer of *servicing rights*, but not necessarily the loan itself, fifteen days before the effective date.

- 9 -

Plaintiff's Section 2607 claim fails because he has not stated a claim. The Complaint states, "Defendants Shelter and Aurora were prohibited from paying any 'fee, kickback, or thing of value' to any person as part of the real estate settlement service involving the loan described herein." (Dkt. # 46 at 48.) This is merely a legal statement, and it is unclear from the Complaint whether Plaintiff even intend to raise this claim. Plaintiff's Responses contend the Complaint's first *thirty pages* explain that the Defendants failed identify the transaction's true parties, which allowed them unlawfully acquire fees or kickbacks. These statements, however, are unclear, overly-verbose, and not pled or explained in the applicable section of the Complaint. Accordingly, the Court dismisses the Section 2607 claim.

**IV.  Plaintiff's Remaining State Law Claims Are Dismissed Without Prejudice**

Because the Court concludes no federal claims survive, the Court dismisses the state claims for Wrongful Foreclosure and Notice of Sale, Declaratory Relief, Injunctive Relief, ACFA violation, and Conspiracy to Commit Fraud. When a district court "dismisses [federal claims] leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." *Les Shockley Racing, Inc. V. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989). Only in the "unusual case" should federal courts retain jurisdiction over the state law claims. *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1046 (9th Cir. 1994). Plaintiff does not allege any reason this case is uniquely appropriate for federal jurisdiction, and thus dismissal without prejudice is appropriate.

**IT IS THEREFORE ORDERED** that the motions to dismiss filed by Shelter (Dkt. # 47) and Aurora (Dkt. # 49) are **GRANTED** without prejudice.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by MERS (Dkt. # 50) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims for Wrongful Foreclosure and Notice of Sale, Declaratory Relief, Injunctive Relief, Arizona Consumer Fraud Act violation, and Conspiracy to Commit Fraud are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to **TERMINATE** this matter.

DATED this 30th day of November, 2009.

_____
G. Murray Snow
United States District Judge